IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KELLEY,<br><br>　　　　　Defendant. | Case No. 15-cr-00444-CRB-2<br><br>**ORDER DENYING COMPASSIONATE RELEASE** |

　　　　Kevin Kelley has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See generally Mot. (dkt. 141). The Court determines that Kelley has not satisfied the requirements of the applicable Sentencing Commission policy statement. Kelley's motion for compassionate release is therefore denied. The Court determines that there is no need for oral argument on this matter.

　　　　18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

　　　　"[A]fter considering" the sentencing factors from 18 U.S.C. § 3553(a) "to the extent that they are applicable," a court may grant the motion to reduce the defendant's sentence in one of two circumstances. First, "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). Second, if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or

1  offenses for which the defendant is currently imprisoned, and a determination has been made by
2  the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other
3  person or the community, as provided under section 3142(g)." Id. § 3582(c)(1)(A)(ii).

4　　　　A reduction in sentence under § 3582(c) must be "consistent with applicable policy
5  statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A); see also Dillon v. United
6  States, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission policy statement
7  applicable to 18 U.S.C. § 3582(c)(2) remains mandatory, even after United States v. Booker, 543
8  U.S. 220 (2005)). Although the statute does not define the term "extraordinary and compelling
9  reasons," the Sentencing Commission has. The application notes to U.S.S.G. § 1B1.3 enumerate
10 five circumstances that establish "extraordinary and compelling reasons" to reduce a defendant's
11 sentence.

12　　　　The first two relate to the defendant's medical condition. The "extraordinary and
13 compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness
14 (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt.
15 n.1(A)(i). It is also satisfied by "a serious physical or medical condition, . . . serious functional or
16 cognitive impairment, or . . . deteriorating physical or mental health because of the aging
17 process . . . that substantially diminishes the ability of the defendant to provide self-care within the
18 environment of a correctional facility and from which he or she is not expected to recover." Id.
19 § 1B1.13 cmt. n.1(A)(ii). The defendant's age qualifies as a third extraordinary and compelling
20 reason if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in
21 physical or mental health because of the aging process; and (iii) has served at least 10 years or 75
22 percent of his or her term of imprisonment, whichever is less." Id. § 1B1.13 cmt. n.1(B). Family
23 circumstances requiring the defendant to care for minor children or a spouse or registered partner
24 are a fourth qualifying reason. Id. § 1B1.13 cmt. n.1(C). Fifth, a catch-all provides for relief if,
25 "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an
26 extraordinary and compelling reason other than, or in combination with, the reasons described in
27 subdivisions (A) through (C)." Id. § 1B1.13 cmt. n.1(D).

28　　　　Kelley has not satisfied these requirements. He is under seventy years of age and has not

United States District Court
Northern District of California

served thirty years in prison, see PSR (dkt. 119) at 3, Judgment (dkt. 135), so he must show that "extraordinary and compelling reasons," as defined by the applicable Sentencing Commission policy statement, "warrant . . . a reduction." See 18 U.S.C. § 3582(c)(1)(A)(i). The only circumstances Kelley identifies warranting early release are the spread of COVID-19 in his facility and his own infection with the virus. Mot. at 4–8. But because Kelley is only forty years old and has identified no underlying medical conditions that increase his risk of serious illness from COVID-19, see PSR at 3, see also Mot. at 4–8, he is "expected to recover" from COVID-19. See Centers for Disease Control and Prevention, Severe outcomes among patients with coronavirus disease 2019 (COVID-19) — United States, February 12–March 16, 2020 (March 26, 2020), cdc.gov/mmwr/volumes/69/wr/mm6912e2.htm. Indeed, it appears he already has. See Opp'n Ex. A (dkt. 144-2). Kelley's infection with COVID-19 is therefore not a medical condition that qualifies as an "extraordinary and compelling reason[ ]," see U.S.S.G. 1B1.13 cmt. n. 1(A), nor does it satisfy the Sentencing Commission's other definitions of that term, see id. cmt. n. 1(A)–(D).

For the foregoing reasons, Kelley's motion for compassionate release is denied.

**IT IS SO ORDERED.**

Dated: May 27, 2020

CHARLES R. BREYER
United States District Judge