1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6           FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    USA,                                    Case No. 15-cr-00444-CRB-2

9                    Plaintiff,

10          v.                               **ORDER STAYING MOTION FOR**
                                             **COMPASSIONATE RELEASE**
11   KELLEY,

12                   Defendant.

13          On May 16, 2020, Defendant Kevin Kelley moved for compassionate release under

14   18 U.S.C. § 3582(c)(1)(A).  See First Mot. (dkt. 141).  The Court denied Mr. Kelley's

15   motion because Mr. Kelley's infection with COVID-19 and lack of underlying medical

16   conditions did not constitute extraordinary and compelling reasons to reduce his sentence,

17   especially because Mr. Kelley had apparently recovered from COVID-19.  See Order

18   Denying First Mot. (dkt. 146) at 3.  Mr. Kelley now moves the Court to reconsider that

19   decision based on his current condition and new medical evidence, including evidence that

20   he is suffering from long-term symptoms relating to COVID-19.  See Second Mot. (dkt.

21   148) at 2.

22          18 U.S.C. § 3582(c)(1)(A) provides that a "court may not modify a term of

23   imprisonment once it has been imposed except . . . upon motion of the Director of the

24   Bureau of Prisons, or upon motion of the defendant."  A court may modify a term of

25   imprisonment "upon motion of the defendant" only

26                  after the defendant has fully exhausted all administrative rights to appeal a
                    failure of the Bureau of Prisons to bring a motion on the defendant's behalf
27                  or the lapse of 30 days from the receipt of such a request by the warden of
                    the defendant's facility, whichever is earlier.
28

United States District Court
Northern District of California

United States District Court
Northern District of California

1  18 U.S.C. § 3582(c)(1)(A).  Although § 3582(c)(1)(A) does not impose any substantive

2  requirements on a defendant's initial administrative request, the Bureau of Prisons'

3  implementing regulations require that the request contain both the "extraordinary and

4  compelling reasons that the inmate believes warrant consideration" and "[p]roposed

5  release plans."  28 C.F.R. § 571.61.

6       As to the instant motion, Mr. Kelley has not satisfied these requirements.  Mr.

7  Kelley's original request to the warden did not rely on the same basic arguments and

8  medical evidence as Mr. Kelley's instant motion.  See Letter to Warden (dkt. 144-3).

9  Therefore, the Bureau of Prisons has not had the opportunity to address the merits of Mr.

10  Kelley's renewed motion for compassionate release.  Mr. Kelley cannot avoid that

11  exhaustion requirement by merely labeling his second motion for compassionate release as

12  a motion for reconsideration.

13       The Court hereby stays Mr. Kelley's motion for 45 days so that Mr. Kelley may

14  properly exhaust his administrative remedies.  To do so, Mr. Kelley must submit a new

15  request to the warden that complies with the content requirements in 28 C.F.R. § 571.61.

16  Then, after Mr. Kelley has fully exhausted all administrative rights to appeal a failure of

17  the Bureau of Prisons to bring a motion on his behalf or the lapse of 30 days from the

18  receipt of Mr. Kelley's new request by the warden, whichever is earlier, Mr. Kelley will

19  have satisfied the statute's exhaustion requirements.  See 18 U.S.C. § 3582(c)(1)(A).

20       **IT IS SO ORDERED.**

21       Dated: February 25, 2021

22       _____
         CHARLES R. BREYER
         United States District Judge

23

24

25

26

27

28

2