IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>   v.<br><br>KELLEY,<br><br>        Defendant. | Case No. 15-cr-00444-CRB-2<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Kevin Kelley moves for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The Court concludes that Kelley has not presented extraordinary and compelling reasons that warrant such a reduction, and thus denies Kelley's motion.

## I.    BACKGROUND

On January 4, 2017, the Court sentenced Kelley to 87 months imprisonment after Kelley pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). See Judgment (dkt. 135). On May 16, 2020, Kelley moved for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i). See First Mot. (dkt. 141). The Court denied his motion because although Kelley had been infected with COVID-19, Kelley identified no underlying medical conditions that increased his risk of serious illness from COVID-19. See Order Denying First Mot. (dkt. 146) at 3.

On February 24, 2021, Kelley moved for reconsideration based on new arguments and evidence. See Second Mot. (dkt. 148). Specifically, Kelley argued that (1) Kelley had been diagnosed with underlying medical conditions that increase his risk of serious illness if he is reinfected with COVID-19, and (2) Kelley has continued to suffer from "long haul

symptoms" relating to his previous infection. Id. at 2. According to medical records filed under seal, Kelley has been diagnosed with hypertension, for which he is receiving hydrochlorothiazide medication.

The Court stayed Kelley's motion so that he could present these arguments to the Bureau of Prisons, consistent with § 3582(c)'s exhaustion requirement. See Order Staying Second Mot. (dkt. 149). Kelley has now done so. See Letter to Warden (dkt. 152-1); Opp. (dkt. 153) at 1. But because the parties disputed whether Kelley had initially requested a COVID-19 vaccine, and then agreed that Kelley wished to be vaccinated, the Court stayed his motion again. See Stay Order (dkt. 158); Order re Status Reports (dkt. 162). The parties have now confirmed that on June 2, 2021, Kelley received the first dose of the Pfizer-BioNTech COVID-19 vaccine. Kelley is scheduled to receive the second dose on June 23, 2021.

## II. LEGAL STANDARD

The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., does not generally permit federal courts to "modify a term of imprisonment once it has been imposed." Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress has provided certain exceptions to that rule. As relevant here, a court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if certain procedural requirements are met and if "extraordinary and compelling reasons warrant such a reduction."

Before the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, a defendant could not bring a motion for compassionate release under § 3582(c). Under the original compassionate release framework, enacted as part of the Comprehensive Crime Control Act of 1984, only the Director of the Bureau of Prisons could move for compassionate release on a defendant's behalf. See 18 U.S.C. § 3582(c)(1)(A) (2017).

But effective December 2018, the First Step Act permits a defendant to move for relief under § 3582(c)(1)(A) if the defendant satisfies the statute's exhaustion requirements. See First Step Act § 603(b)(1). The defendant may bring a motion only

once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The First Step Act did not alter the original framework's requirements that a court consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for a reduced sentence, see 18 U.S.C. § 3582(c)(1)(A), and that any sentence reduction under § 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A).

Before the First Step Act enabled defendants to bring their own motions for compassionate release under § 3582(c)(1)(A), the Sentencing Commission promulgated a policy statement enumerating circumstances constituting "extraordinary and compelling reasons" to reduce a sentence, U.S.S.G. § 1B1.13 cmt n.1, and directing that a court may reduce a sentence under § 3582(c)(1)(A) only if the court finds that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2).

The policy statement refers to motions brought by the Director of the Bureau of Prisons, and not to motions brought by defendants, as defendants could not bring such motions when the policy statement was last amended. See U.S.S.G. § 1B1.13. Because the policy statement does not refer to motions brought by defendants, it is not binding on district courts considering such motions. See United States v. Aruda, 993 F.3d 797 (9th Cir. 2021).

In exercising its discretion, the Court nonetheless refers to the policy statement as helpful guidance. The Court presently agrees with the policy statement's definition of "extraordinary and compelling reasons" and the policy statement's guidance that people who present a danger to the community should not be granted compassionate release.

First, the Sentencing Commission's enumerated circumstances constituting "extraordinary and compelling reasons" to reduce a sentence all relate to a defendant's

3

individual characteristics or conditions—that is, some combination of the defendant's health, age, and family situation. See U.S.S.G. § 1B1.13 cmt n.1. For example, if the defendant suffers from "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or "a serious physical or mental condition, . . . serious functional or cognitive impairment, or . . . deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," the "extraordinary and compelling reasons" standard is satisfied. See U.S.S.G. § 1B1.13 cmt. n.1(A)(i)(i)–(ii). The standard is also satisfied if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75% of his or her term of imprisonment, whichever is less," U.S.S.G. § 1B1.13 cmt. n.1(B), or in certain circumstances requiring the defendant to care for minor children or a spouse or registered partner, id. § 1B1.13 cmt. n.1(C). Finally, the standard is satisfied if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with," the above-described circumstances. U.S.S.G. § 1B1.13 cmt. n.1(D).

The Sentencing Commission's enumerated circumstances constituting "extraordinary and compelling reasons" to reduce a sentence are sensible. Although a future motion could conceivably persuade the Court that these circumstances fail to capture the full range of "extraordinary and compelling reasons" to reduce a sentence under § 3582(c)(1)(A), the Court is yet to encounter such a motion.

Second, as discussed above, the Sentencing Commission has directed that a court may reduce a sentence under § 3582(c)(1)(A) only if the court finds that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g), in turn, requires courts to "take into account" four factors when determining the defendant's dangerousness: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against

4

the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

This framework is also sensible. Indeed, the Court would not exercise its discretion under § 3582(c)(1)(A) to grant relief to a defendant that the Court determines is a danger to the community. Thus, the Court sees no reason to deviate from the policy statement's dangerousness requirement, which ensures that the Court carefully weighs the public's interest in safety before reducing a defendant's sentence.

## III. DISCUSSION

The Court denies Kelley's motion for a reduced sentence because Kelley has not shown that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Like the government, see Opp. at 6, the Court assumes that Kelley's hypertension could pose a heightened risk of severe illness from COVID-19 in the absence of other information. But here, that other information defeats Kelley's attempt to show extraordinary and compelling circumstances. During Kelley's first infection, he did not suffer severe illness. And more importantly, Kelley has now received the first dose of the COVID-19 vaccine. Both of these factors make it highly unlikely that Kelley will suffer a reinfection that makes him seriously ill. Although Kelley has apparently suffered from long-term symptoms relating to his initial infection, that is not an extraordinary and compelling reason to grant his motion. There is no indication that the long-haul symptoms evince Kelley's diminished ability to provide self-care in a prison setting. Indeed, Kelley has not explained why his release from prison would have any effect on those symptoms.

Because Kelley has not shown that extraordinary and compelling reasons warrant reducing his sentence, the Court need not consider whether Kelley is a danger to the community.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Kelley's motion for compassionate

release.

**IT IS SO ORDERED.**

Dated: June 7, 2021

_____
CHARLES R. BREYER
United States District Judge